The Honorable Jim Barone State Senator, 13th District State Capitol, Room 504-N Topeka, Kansas 66612
Dear Senator Barone:
You inquire whether the proceeds from a countywide or city retailers' sales tax can be used for economic development which would include giving all or part of the proceeds to a school or school district for "general use, education budget or capital improvement spending."
K.S.A. 2000 Supp. 12-187 et seq. create a statutory framework for counties and cities to impose a sales tax which operates identically to the State sales tax.[1] Sales tax proceeds can be used for a variety of local needs such as funding health care services, construction of courthouses, jails, and law enforcement centers, highway construction, solid waste disposal and economic development.[2] However, there is no statutory prohibition on uses not enumerated in K.S.A. 2000 Supp.12-187.[3] If a city or county proposes to impose a retailers' sales tax, it must submit the proposition to the electorate and state the purpose of the tax:
 "(h) The governing body of the city or county proposing to levy any retailers' sales tax shall specify the purpose or purposes for which the revenue would be used, and a statement generally describing such purpose or purposes shall be included as a part of the ballot proposition."[4]
Generally, public funds may be used for anything that "promotes the public welfare."[5] Whether or not the public welfare is served is a decision for a legislative body and the Kansas appellate courts give great deference to such determinations.[6] Clearly, the use of public funds for economic development is a valid public purpose in light of the statutory schemes that authorize cities and counties to issue revenue bonds and levy taxes for that purpose.[7] Therefore, it is our opinion that a city or county may use the proceeds from a properly levied retailers' sales tax for economic development, provided the electorate approves such use.
Cities and counties have home rule powers[8] which give their governing bodies great latitude in determining what projects fall within the parameters of economic development. A governing body could determine that providing financial assistance to a school or school district will enhance the quality of education and that excellent schools are a factor in luring new industries to the area. If such a determination is made and sales tax funds used for that purpose, it is doubtful that a court would intervene, given the deference paid to the determinations of legislative bodies.[9]
We note that in Enright v. Kansas City, Missouri,[10] the Missouri Supreme Court upheld the use of sales tax proceeds to assist the financially beleaguered Kansas City, Missouri school districts even though, like the State of Kansas, Missouri schools are financed primarily by ad valorem taxes. While the home rule charter authorized the City of Kansas City to "provide educational . . . functions . . . and services of any and every kind and character for any public or municipal use or purpose," the Court rested its decision on the fact that the giving of the tax funds to the school districts served a "public or municipal use or purpose."[11] Finally, we note that the City of Salina and U.S.D. 305 are operating under an interlocal cooperation agreement, approved by the Attorney General,[12] whereby the City provides City sales tax revenue to the School District for instructional technology and career/technical education equipment, services and training.
Based on the foregoing, it is our opinion that a city or county may use the proceeds from a retailers' sales tax for economic development, provided the electorate approves such use. Moreover, if a governing body determines that providing financial assistance to a school or school district will enhance the quality of the school or school district which will, in turn, make the area more attractive for economic development, it is our opinion that a Kansas appellate court would likely uphold the use of the sales tax proceeds.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 2000 Supp. 12-189(h).
[2] K.S.A. 2000 Supp. 12-187.
[3] See K.S.A. 12-197, which authorizes counties and cities to adopt a resolution or ordinance, respectively, "pledging the general purposes proposed for the future use of all or a portion of the revenue."
[4] K.S.A. 2000 Supp. 12-187(h).
[5] Duckworth v. City of Kansas City, 243 Kan. 386, 387-88 (1988).
[6] Id. See also Ullrich v. Board of Thomas County Comm'rs,234 Kan. 782 (1984).
[7] K.S.A. 12-1740 et seq. and K.S.A. 19-4101. See also K.S.A. 2000 Supp. 12-187(b)(9) which authorizes some counties to impose a countywide retailers' sales tax for "financing economic development initiatives."
[8] Kan. Const., Art. 12, § 5; K.S.A. 12-101; K.S.A. 2000 Supp.19-101a; K.S.A. 19-212.
[9] See notes 5 6.
[10] 536 S.W.2d 17 (Mo.En. Banc. 1976).
[11] 536 S.W.2d at 19.
[12] K.S.A. 12-2904.